## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MAYLENE VELASCO and  MEGAN JENKINS, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| XTC CABARET, INC.; XTC CABARET (DALLAS), INC.; RCI ENTERTAINMENT (TEXAS), INC.; RCI ENTERTAINMENT (NORTH FW), INC.; RCI ENTERTAINMENT (DALLAS), INC.; RCI ENTERTAINMENT (FORT WORTH), INC.; RCI ENTERTAINMENT (HOUSTON), INC.; RCI ENTERTAINMENT (AUSTIN), INC.; RCI ENTERTAINMENT (SAN ANTONIO), INC.; RCI ENTERTAINMENT (3315 NORTH FREEWAY FW), INC. D/B/A XTC CABARET; JOINT VENTURES, INC.; and RICK'S CABARET INTERNATIONAL, INC., | § § § § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT
## COLLECTIVE ACTION & JURY DEMAND

### SUMMARY

1.      Defendants XTC Cabaret Inc., XTC Cabaret (Dallas), Inc., RCI Entertainment (North FW), Inc., RCI Entertainment (Fort Worth), Inc., RCI Entertainment (Houston), Inc., RCI Entertainment (Austin), Inc., RCI Entertainment (San Antonio), Inc., RCI Entertainment (3315 North Freeway FW) Inc. d/b/a XTC Cabaret, Joint Ventures, Inc., and Rick's Cabaret International, Inc. (hereinafter "Defendants")

required and/or permitted Maylene Velasco and Megan Jenkins (hereinafter "Plaintiffs") to work as exotic dancers at Defendants' adult entertainment clubs in excess of forty (40) hours per week, but refused to compensate them at the applicable minimum wage and overtime rates.  In fact, Defendants refused to compensate Plaintiffs whatsoever for any hours worked.  On the contrary, Defendants required Plaintiffs to actually pay Defendants to work at their clubs.  Plaintiffs' only compensation was in the form of tips from club patrons.  Moreover, Defendants required Plaintiffs to share their tips with Defendants and other employees who do not regularly and customarily receive tips.

2.      Defendants' conduct violates the Fair Labor Standards Act (FLSA), which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay.  *See* 29 U.S.C. § 207(a).

3.      Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision.  *See* 29 U.S.C. §§ 203, 206.

4.      Plaintiffs bring a collective action to recover the unpaid wages owed to themselves and all other similarly situated employees, current and former, of Defendants who worked at any of the following XTC clubs in Texas: Houston North; Houston South; Austin; Fort Worth; Dallas; and San Antonio.  Workers who are similarly situated to Plaintiffs are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      Venue is proper in the Southern District of Texas, Houston Division because a substantial portion of the events forming the basis of this suit occurred in this

District, and Defendants' headquarters is located in this District.  In particular, Plaintiffs worked at two of Defendants clubs located in Houston over extended periods of time.

**PARTIES AND PERSONAL JURISDICTION**

7.     Plaintiff Maylene Velasco is an individual residing in Harris County, Texas.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."

8.     Plaintiff Megan Jenkins is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "B."

9.     The Class Members are all of Defendants' current and former exotic dancers who worked at any of the XTC Cabaret locations at any time during the three years before this Complaint was filed up to the time notice is issued advising them of their right to join this lawsuit.

10.     Defendant XTC Cabaret, Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

11.     Defendant XTC Cabaret (Dallas), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

12.     Defendant RCI Entertainment (Texas), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D.

3

Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

13.    Defendant RCI Entertainment (North FW), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

14.    Defendant RCI Entertainment (Dallas), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

15.    Defendant RCI Entertainment (Fort Worth), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

16.    Defendant RCI Entertainment (Houston), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

17.    Defendant RCI Entertainment (Austin), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary

profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

18.     Defendant RCI Entertainment (San Antonio), Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

19.     Defendant RCI Entertainment (3315 North Freeway FW), Inc. d/b/a XTC Cabaret is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

20.     Defendant Joint Ventures, Inc. is a domestic limited liability company doing business in Houston, Texas for the purpose of accumulating monetary profit.  This Defendant may be served through its Registered Agent as follows: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

21.     Defendant Rick's Cabaret International, Inc. is a domestic for-profit corporation and is the parent company of the above-named Defendants.  Defendant may be served process by serving its registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 700, Houston, Texas 77007. This court has personal jurisdiction over this Defendant because it is considered a resident of Texas.

5

## FLSA COVERAGE

22.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

23.     At all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose.  *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.*, 23 F.3d 110, 113 (5th Cir. 1994).

24.     XTC Cabaret is an integrated group of gentlemen's clubs.[1]  The fact that they run each club identically and their customers can expect the same kind of entertainment service regardless of the location is Defendants' main advertising selling point.[2]  In fact, Defendants use identical photographic advertising on all XTC Cabaret website locations.

25.     Furthermore, multiple XTC Cabaret locations feature "the chair of pain" for bachelor and birthday parties.

26.      XTC Cabaret also advertises $5 all nude dance promotions on a particular night of the week at all locations.

27.     The primary activity of all Defendants is to operate an exotic dancing business.

28.     Defendants represent themselves to the general public as one club—XTC Cabaret—operating at multiple locations.  They market themselves through the same

---

[1] Defendant Rick's Cabaret International, Inc.'s home page provides a list of all XTC locations, including a link to each location. *See* http://www.ricks.com.

[2] Defendant XTC Cabaret Inc.'s home page provides that all XTC locations operate under the same name, offer affordable dance specials, operate under a "B.Y.O.B. concept," and offer the "chair of pain" experience. *See* http://www.xtccabaret.com.

internet website.   *See*   http://www.ricks.com;   http://www.ricks.com/xtc.aspx; http://www.xtccabaret.com.

29.   Defendants share employees, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name.   This is a family of clubs that advertises together on the same website, provides the same array of services to its customers, and uses the same business model of charging their exotic dancer employees to work for them.   They share many of the same exotic dancers to draw in customers.   Plaintiffs themselves worked have worked as exotic dancers at three of the XTC clubs.   Upon information and belief, other dancers have also worked at multiple XTC clubs.   The "XTC Cabaret" family of clubs exists under the control and direction of Defendants.   This family of clubs provides the same service product to its customers by using a set formula when conducting its entertainment business.   Part of that set formula is the wage violation alleged in this complaint.

30.   All of the XTC clubs classify their dancers as independent contractors.

31.   Thus, Defendants formed a "single enterprise" and are each liable for the violations of the other.

32.   At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce.   29 U.S.C. § 203(s)(1).

33.   Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

34.   At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

35.     In particular, Defendants XTC Cabaret Inc., XTC Cabaret (Dallas), Inc., RCI Entertainment (North FW), Inc., RCI Entertainment (Fort Worth), Inc., RCI Entertainment (Houston), Inc., RCI Entertainment (Austin), Inc., RCI Entertainment (San Antonio), Inc., RCI Entertainment (3315 North Freeway FW) Inc. d/b/a XTC Cabaret, Joint Ventures, Inc., and Rick's Cabaret International, Inc. operate from the same locations, use the same equipment, have the same customers, employ the same supervisors, and provide the exact same services.

36.     Additionally, XTC advertises "Ricks Gear"—clothing and other memorabilia with the Rick's Cabaret logo—on its website, and Plaintiffs are required to sell "Ricks Gear" at XTC Cabaret locations.

37.     Rick's Cabaret International, Inc. is the parent company Defendants XTC Cabaret Inc., XTC Cabaret (Dallas), Inc., RCI Entertainment (North FW), Inc., RCI Entertainment (Fort Worth), Inc., RCI Entertainment (Houston), Inc., RCI Entertainment (Austin), Inc., RCI Entertainment (San Antonio), Inc., and RCI Entertainment (3315 North Freeway FW) Inc. d/b/a XTC Cabaret.

38.     Defendant Rick's Cabaret International, Inc. controls the operations of the family of XTC Cabaret clubs.  Rick's Cabaret International, Inc. sets the policy and rule and general business model used by all of XTC clubs. Rick's Cabaret International, Inc. is involved in the day to day financial operations of the XTC clubs and requires they follow their general business model, namely, treat the dancers as independent contractors in order to avoid complying with the Fair Labor Standards Act.

39.     As such, Defendant Rick's Cabaret International, Inc. is liable for the violations committed by Defendants XTC Cabaret Inc., XTC Cabaret (Dallas), Inc., RCI Entertainment (North FW), Inc., RCI Entertainment (Fort Worth), Inc., RCI

Entertainment (Houston), Inc., RCI Entertainment (Austin), Inc., RCI Entertainment (San Antonio), Inc., RCI Entertainment (3315 North Freeway FW) Inc. d/b/a XTC Cabaret, and Joint Ventures, Inc.

## FACTS

40.     Defendants operate adult entertainment clubs in Texas under the name of XTC Cabaret at the following locations: Austin; Dallas; Houston North; Houston South; Fort Worth; and San Antonio.

41.     Defendants employ exotic dancers at all such locations.

42.     Plaintiffs are current and former exotic dancers at Defendants' adult entertainment clubs.

43.     Plaintiffs work on a regular basis for Defendants' clubs.

44.     On or about April of 2006, Plaintiff Maylene Velasco began dancing at Defendants' XTC North Houston location.

45.     On or about May of 2006, Plaintiff Maylene Velasco began dancing at Defendants' XTC South Houston location.

46.     From approximately May of 2006 until approximately January of 2009, Plaintiff Maylene Velasco danced at both Defendants' North Houston location and South Houston location.

47.     Plaintiff Maylene Velasco has danced at Defendants' XTC San Antonio location within the three year period before this lawsuit was filed.

48.     Therefore, Plaintiff Maylene Velasco has first-hand personal knowledge of the same pay violations throughout Defendants' multiple establishments.

49.     On or about June of 2006, Plaintiff Megan Jenkins began dancing at Defendants' XTC Houston North location.

50.     On or about May of 2010, Plaintiff Megan Jenkins began dancing at Defendants' XTC Houston South location.

51.     From approximately May of 2010 until approximately July of 2010, Plaintiff Megan Jenkins danced at both Defendants' North Houston location and South Houston location.

52.     Therefore, Plaintiff Megan Jenkins has first-hand personal knowledge of the same pay violations throughout Defendants' multiple establishments.

53.     The exotic dancers are compensated exclusively through tips from Defendants' customers.

54.     Defendants do not pay the dancers compensation for any hours worked at their establishments.

55.     Defendants charge the dancers fees per shift worked.

56.     Defendants also require the dancers to share their tips with employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

57.     Defendants employ at least one woman meeting the definition of Class Member in this Complaint at the North Houston location.

58.     Defendants have employed at least 50 women meeting the definition of Class Members in this Complaint at the North Houston location during the three year period before this lawsuit was filed.

59.     Defendants have employed at least 100 women meeting the definition of Class Members in this Complaint at the North Houston location during the three year period before this lawsuit was filed.

60.     Defendants have employed at least 150 women meeting the definition of

Class Members in this Complaint at the North Houston location during the three year period before this lawsuit was filed.

61.     Defendants have employed at least 200 women meeting the definition of Class Members in this Complaint at the North Houston location during the three year period before this lawsuit was filed.

62.     Defendants have employed at least 250 women meeting the definition of Class Members in this Complaint at the North Houston location during the three year period before this lawsuit was filed.

63.     Defendants have employed at least 300 women meeting the definition of Class Members in this Complaint at the North Houston location during the three year period before this lawsuit was filed.

64.     Defendants have employed at least 100 women meeting the definition of Class Members in this Complaint at each of the Texas locations combined during the three year period before this lawsuit was filed.

65.     Defendants have employed at least 200 women meeting the definition of Class Members in this Complaint at each of the Texas locations combined during the three year period before this lawsuit was filed.

66.     Defendants have employed at least 300 women meeting the definition of Class Members in this Complaint at each of the Texas locations combined during the three year period before this lawsuit was filed.

67.     Defendants have employed at least 400 women meeting the definition of Class Members in this Complaint at each of the Texas locations combined during the three year period before this lawsuit was filed.

68.     Defendants classified dancers as independent contractors at each of their

11

clubs.

69.     However, at all times, the dancers were employees of Defendants.

70.     Defendants hired, fired and supervised the dancers.  Defendants also set the schedule for the dancers. Defendants controlled the details of the dancers' jobs including setting the prices to charge customers for dances, setting themes for the work performed by the dancers and imposing limitations on how to interact with the clubs' customers.

71.     Defendants also controlled the dancers' appearances with respect to their attire and makeup.

72.     Defendants disciplined the dancers for not following club rules.

73.     Defendants tracked the time and days the dancers worked just as is common for typical employer-employee relationships.

74.     In addition, Defendants instructed the dancers about when, where, and how the dancers were to perform their work.

75.     The following further facts demonstrate the dancers' status as employees:

a)      Defendants had the sole right to hire and fire the dancers;

b)      Defendants required dancers to complete an employee application as a prerequisite to their employment;

c)      Defendants provided the dancers with music equipment and a performing stage;

d)      Defendants supervised the dancers;

e)      Defendants scheduled dancers and as such had sole control over their opportunity for profit;

f)      Defendants marketed the services of the dancers and the clubs in

general and, as such, had control over the quality and quantity of

the clientele;

g)      Defendants applied a fine to the dancers if the dancers failed to

follow Defendants' schedule; and

h)      The dancers were hired as permanent employees and work for

Defendants for unlimited periods of time which often turned out to

be years.

76.     Defendants misclassified Plaintiffs and Class Members as independent

contractors to avoid their obligations to pay them pursuant to the FLSA.

77.     Plaintiffs and Class Members are not exempt from the overtime and

minimum wage requirements under the FLSA.

78.     Although Plaintiffs and Class Members are required to and do in fact

frequently work more than forty (40) hours per workweek, they are not compensated at

the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

In fact, they receive no compensation whatsoever from Defendants and thus, Defendants

violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

79.     Defendants' method of paying Plaintiffs in violation of the FLSA was

willful and was not based on a good faith and reasonable belief that its conduct complied

with the FLSA.   Defendants misclassified Plaintiffs with the intent to avoid paying them

in accordance to the FLSA.

80.     Defendants have been in the exotic dancing industry for years and are

familiar with the long line of federal cases holding that dancers in this industry are

employees as that term is defined by the FLSA.

**EQUITABLE TOLLING**

13

81.     The doctrine of equitable tolling preserves a plaintiff's full claim when a strict application of the statute of limitations would be inequitable. *See Davis v. Johnson*, 158 F.3d 806, 811. (5th Cir. 1998).

82.     Equitable tolling is proper when an employer has engaged in misleading conduct.  Defendants intentionally misled the Plaintiffs into believing that it was not required to pay them minimum wage and/or overtime for hours worked in excess of forty (40) hours per workweek.  Defendants coerced Plaintiffs and Class Members into believing that they were independent contractors.  Additionally, Defendants failed to place the necessary and required Department of Labor posters which inform workers of their rights.  Consequently, Plaintiffs and Class Members were victims of fraud and unable to ascertain any violation taking place.

83.     Thus, the statute of limitations for Plaintiffs and Class Members should be equitably tolled due to Defendants' fraudulent concealment of Plaintiffs' and Class Members' rights.  Plaintiffs therefore seek to have the limitations period extended from the first date that Defendants used this covert payroll practice up to the time each Plaintiff joins this lawsuit.

## VIOLATION OF 29 U.S.C. § 207

84.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

85.     Defendants' practice of failing to pay Plaintiffs and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

86.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs.

## VIOLATION OF 29 U.S.C. § 206

87.    Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

88.    Defendants' practice of failing to pay Plaintiffs and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  Defendants do not compensate the exotic dancers whatsoever for any hours worked.

89.    None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

90.    Defendants failed to keep adequate records of Plaintiffs' and Class Members' work hours and pay in violation of section 211(c) of the FLSA.  *See* 29 U.S.C. § 211(c).

91.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

a)    The time of day and day of week on which the employees' work week begins;

b)    The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)      The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)      The hours worked each workday and total hours worked each workweek;

f)      The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

g)      The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)      The dates, amounts, and nature of the items which make up the total additions and deductions;

j)      The total wages paid each pay period; and

k)      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

92.     Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiffs and Class Members.  Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference."  *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

## COLLECTIVE ACTION ALLEGATIONS

93.     Plaintiffs have actual knowledge that Class Members at clubs where they worked and other XTC clubs have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate.  Plaintiffs worked with other dancers at XTC.  As such, they have first-hand personal knowledge of the same pay violations at Defendants' various establishments.  Furthermore, other exotic dancers at Defendants' various establishments have shared with them similar pay violation experiences as those described in this complaint.

94.      Other employees similarly situated to Plaintiffs work or have worked for Defendants' gentlemen's club businesses under the conditions described above or substantially similar conditions, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

95.     Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

96.      Class Members perform or have performed the same or similar work as Plaintiffs. In particular, Plaintiffs and Class Members all worked as exotic dancers under the same conditions and subject to the same violations of the FLSA.

97.     Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

98.     Defendants have classified and continue to classify Class Members as independent contractors.

99.     Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

100.     As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

101.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

102.     The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of Class Members.

103.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

104.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

105.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

106.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

107.   As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **The Class Members are all of Defendants' current and former exotic dancers who worked at any of the XTC Cabaret locations at any time during the three years before this Complaint was filed up to the time notice is issued advising them of their right to join this lawsuit.**

## DAMAGES SOUGHT

108.   Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

109.   Additionally, Plaintiffs and Class Members are entitled to recover their unpaid overtime compensation.

110.   Plaintiffs and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties.  Without repayment of such fees, Plaintiffs and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

111.   Plaintiffs and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages.  29 U.S.C. § 216(b).

112.   Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

## JURY DEMAND

113.   Plaintiffs and Class Members hereby demand trial by jury.

## PRAYER

114.   For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.  Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

b.  All unpaid wages at the FLSA mandated minimum wage rate;

c.  All misappropriated funds that were labeled as fees or otherwise;

d.  An equal amount of all owed wages and misappropriated funds as liquidated damages as allowed under the FLSA;

e.  Tolling of the statute of limitations;

f.  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

g.  Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:   /s/ *Galvin B. Kennedy*
      Galvin B. Kennedy
      gkennedy@kennedyhodges.com
      Federal Bar No. 20791
      State Bar No. 00796870
      711 W. Alabama St.
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR
PLAINTIFFS & CLASS MEMBERS

OF COUNSEL:
Don J. Foty
Federal Bar No. 711552
State Bar No. 24050022
dfoty@kennedyhodges.com
Karen Nudelman
Federal Bar No. 1591707
State Bar No. 24079067
knudelman@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116